The Honorable Morril Harriman State Senator 522 Main Street Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request for an opinion concerning the compensation payable to part-time city attorneys for prosecutions conducted under the authority of A.C.A. § 6-18-222 (Adv. Code Serv. 1990-1991), as amended by Act 876 of 1991. Specifically, you have enclosed a letter from a part-time city attorney which inquires as to who has to pay the city attorney for this service.
For the reasons that follow, it is my opinion that if the part-time city attorney is one who is required to prosecute these cases under the new Act 876 of 1991, he or she is obligated to do so by virtue of the office held, and is not entitled by law to any additional compensation other than that contracted with the city for his services as city attorney.
Section 6-18-222 (Adv. Code Serv. 1990-1991) imposes a civil penalty against the parents of certain school age children who are absent from school a certain predetermined number of days. Act 876 of 1991 amended this section and now provides that when the predetermined number of absences occurs, the school district is to notify the "prosecuting authority," and the "prosecuting authority" shall file an action to collect the fine assessed by the court, which is fowarded to the school district. The new act provides that "prosecuting authority" means:
 . . . the elected district prosecuting attorney or his appointed deputy for schools located in unincorporated areas of the county or within cities not having a police or municipal court and means the prosecuting attorney of the city for schools located within the city limits of cities having either a police court or a municipal court in which a city prosecutor represents the city for violations of city ordinances or traffic violations.
Act 876 of 1991, Section (a)(8).
Thus, if the city which the part-time city attorney represents has a police court or a municipal court, and the part-time city attorney represents the city for violations of city ordinances or traffic violations, he is responsible under Act 876 for prosecuting the cases of parents of excessively absent children. No additional compensation is provided in the act for this service. The act also provides in section (a)(5) that "[t]he failure of the prosecuting authority to timely file an action or pursue collection on a case once notified shall be considered neglect of duty. . . ." Additionally, the act provides that "[i]n any instance where it is found that the school district or prosecuting authority is not complying with the provisions of this section, the State Board of Education may petition the circuit court to issue a writ of mandamus." Section (a)(9).
For the foregoing reasons, it is my opinion that the prosecutions of these cases is a part of the job of each part-time city attorney subject to its provisions, and the compensation payable for performing this service is whatever salary the part-time city attorney has negotiated with the city.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb